MAHLON F. IVINS, administrator, &c., of R. C. Mason, deceased,

*v.·*

C. ALBERT JACOB, trading as Jacob Brothers.

[Filed September 20th, 1904.]

1. Complainant, administrator of M., sued to enjoin defendant from collecting the rentals of pianos or interfering with complainant's collection thereof. M. had rented the pianos and then assigned the leases to defendant, either as collateral for debts or because defendant owned the pianos. A certain percentage of the amount collected on the leases was to be allowed M. Defendant employed M. to collect the rentals, but no continuing contract obliging him to continue to employ M.'s administrator to make the collection was shown. Defendant was financially responsible. —*Held*, that defendant's right to make the collections was not taken away by the fact that M. had, or that complainant as his administrator had, a right to a commission on the amount collected, so that a preliminary injunction, as a prerequisite to which complainant must show that his right was reasonably certain, and that if the restraint was not granted his injury would be irreparable, would be denied.

2. The matter as to which complainant administrator sought redress being an alleged injury to him in the conduct of the business incident to settlement of intestate's estate, and not an injury to intestate himself in his lifetime, costs would be allowed against him, he being unsuccessful.

---

The complainant is the administrator, &c., of Richard C. Mason. In his lifetime Mason was engaged in the business of selling or renting pianos, with a privilege, after a certain sum of rentals had been paid, to purchase the instrument. In each case a lease for the pianos in the name of Mason as lessor was given and accepted by the person who rented it, and this lease was immediately assigned by Mason to the defendant. Several hundred pianos were thus disposed of by Mason. A certain percentage of the total price paid was to be allowed him.

The complainant insists that Mason, in his lifetime, was in fact the owner of the pianos and that he made the leases as such owner.

The defendant, by very full affidavits and proofs, denies that

the decedent owned the pianos; on the contrary, the defendant contends that the pianos were consigned to the decedent, Mason, for the purpose of sale only, the title thereto remaining in the defendant; that the decedent, Mason, was in respect to the pianos thus sent to him, a mere salesman for the defendant, assigning the leases given for pianos, as fast as they were rented, back to the defendant, who employed the decedent to collect the rentals, allowing him a commission on the sums collected.

It is not denied that the leases have been assigned to the defendant, and that he has them in possession, but the complainant insists that the defendant's holding is only as collateral security for certain debts owing by the decedent, Mason, to the defendant.

The decedent, Mason, by defendant's direction, was engaged in collecting these rentals at the time of his death. After that event the complainant, as administrator of Mason, for some little time assigned to the defendant leases for pianos rented and claimed the right to go on collecting the installments of rent as they came to be due on all the leases held by defendant. Disputes arose between the complainant and the defendant, and the latter forbade the complainant to collect any more rentals and notified the lessees of the pianos not to pay any further rentals to complainant.

Upon this the complainant has filed this bill, seeking to restrain the defendant from collecting these rentals or interfering with the complainant's collection of the same and for a receiver to take, receive and collect them if necessary.

An order to show cause has been allowed, and on the coming in of that order the defendant has filed several affidavits. On these proofs annexed to the bill and one additional affidavit, and on these affidavits submitted by defendant, this matter has been heard.

*Mr. Henry F. Stockwell, Mr. J. Willard Morgan* and *Mr. Edward A. Armstrong,* for the complainant.

*Messrs. Wilson, Carr & Stackhouse* (with whom was *Mr. Lowenstein,* of the New York bar), for the defendant.

GREY, V. C.

This is an application for a preliminary injunction upon proofs which are directly denied by the defendant's affidavits. It is admitted that the defendant holds the leases in question by valid assignments, made to him either as owner of the pianos leased, as he claims, or as collateral security for debts owed to him, as the defendant claims. In either situation the defendant appears to have the right to collect the rentals himself, or to employ whom he may choose to collect them for him.

The bill and affidavits show that during the decedent's, Mason's, life the defendant employed Mason to collect the rentals, but there is no showing of any continuing contract obliging the defendant to continue to employ the complainant, administrator of the decedent, Mason, to collect the rentals. Nor does the fact that Mason, in his lifetime, had, or the complainant, as his administrator, after his death may have, a right to a commission on the amount of rents to be collected, take away from the defendant the right to make the collections, and this is true whether the defendant holds the leases either as absolute owner or as pledgee of them.

There is no allegation that the defendant is insolvent, but there is proof that he is amply able to respond for any moneys which may be found due from him to the complainant.

In an application for a preliminary injunction it is upon the complainant to show that his right is reasonably certain, and also that if the restraint sought be not granted his injury will be irreparable. *Camden Horse Railroad Co.* v. *Citizens' Coach Co., 29 N. J. Eq. (2 Stew.) 299; Hagerty* v. *Lee, 45 N. J. Eq. (18 Stew.) 255.* There is in this case no exhibition of either of these conditions. The rule to show cause and restraint *ad interim* should be dismissed.

Some question is raised whether costs should be allowed to the defendant against the complainant, who brings this suit as an administrator.

The rule which saves an administrator from being obliged to pay costs, if unsuccessful, is limited to that class of cases in which the administrator brings suit to assert some right which belonged

to his intestate in his lifetime, or to redress some wrong done to the intestate in his lifetime.

Nothing in the proofs shows that the decedent, Mason, had a right to collect the defendant's rentals any longer than the defendant chose to employ him to do so.

No dispute appears to have arisen in the lifetime of the decedent, Mason, touching the collecting of these rentals. The alleged wrong is claimed to have been done only since the decedent, Mason's, death by the defendant's interference with the complainant's collecting of the rentals.

The proofs show that for some time after the death of the intestate the complainant made some collections of the rentals with the defendant's assent, and assigned several of the leases to the defendant, but there is no showing of any contractual obligation upon the defendant to allow the complainant to make these collections. The dispute has arisen because the defendant has now himself undertaken the collection of the moneys coming due on the leases and has forbidden the complainant to make them.

The matter now under consideration for which the complainant seeks redress is thus shown to be an alleged injury to the complainant in the conduct of the business incident to the settlement of his intestate's estate and not an injury done to the intestate himself in his lifetime.

Under such a showing the defendant is, I think, entitled to costs when he successfully resists the complainant's attack. I will advise such an order.